**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 13-4793**

—————

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

OSMAN WHITE,

　　　　　Defendant - Appellant.

—————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:11-cr-00141-MOC-1; 3:12-cr-00013-MOC-1)

—————

Submitted: July 17, 2014　　　　　Decided: July 31, 2014

—————

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

—————

Anthony G. Scheer, RAWLS, SCHEER, FOSTER, MINGO & CULP, PLLC, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Osman White appeals the 140-month sentence imposed by the district court following his guilty plea to distribution and possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2012). On appeal, White asserts that the district court committed procedural error in its application of a U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1 (2012) downward departure and that the Government breached the plea agreement by seeking a vulnerable victim sentencing enhancement.[*] The Government moves to dismiss White's downward departure claim pursuant to the waiver of appellate rights contained in his plea agreement and urges this court to affirm White's conviction and sentence with regard to all other issues. Because whether the Government breached the plea agreement is intrinsic to the analysis of whether the waiver of appellate rights is valid, we consider both of White's appellate issues together.

Where the government seeks to enforce an appeal waiver, we will enforce the waiver if the defendant's waiver was

---

[*] White's counsel states that he is submitting the second issue pursuant to Anders v. California, 386 U.S. 738 (1967). However, because he seeks review on the merits of the first issue, we have not construed the brief as filed pursuant to Anders.

2

knowing and intelligent and the issues raised on appeal fall within the scope of the agreement. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). We review de novo the validity of an appellate waiver. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012).

We have reviewed the Fed. R. Crim. P. 11 plea colloquy and conclude that White knowingly and voluntarily waived his right to appeal whatever sentence the district court imposed. Further, White's claim that the district court improperly applied a downward departure pursuant to USSG § 5K1.1, a question of procedural reasonableness, is within the scope of his waiver. Lastly, we conclude that the Government did not breach the plea agreement by seeking a vulnerable victim sentencing enhancement because the plea agreement forbade the Government only from seeking an upward departure or variance, and it permitted the Government to seek additional enhancements other than those enumerated in the agreement. Therefore, we conclude that White's appeal of this issue is barred by the waiver of his appellate rights.

3

Accordingly, we grant the Government's motion to dismiss as to White's downward departure claim and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>